IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| SHAWNA HOPKINS | § § § | |
| Plaintiff | § § | |
| v. | § § | CIVIL ACTION NO. 9:04cv109 |
| DAVID YARBERRY, Texas Dept. of Public Safety Officer MICHAEL DAVIDSON, Nacogdoches County Sheriff's Deputy and NACOGDOCHES COUNTY, TEXAS | § § § § § § § § | JUDGE _____ Judge Clark |
| Defendants | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Come now Plaintiff Shawna Hopkins, who in support of her Original Complaint would show as follows:

### I

### Preliminary Statement

1. On or about January 16, 2003, Plaintiff Hopkins and her son were in her car when it flipped over, causing Plaintiff Hopkins to suffer a broken neck. Her son's injuries were minor. Despite her condition and the fact that the car was totaled, Plaintiff Hopkins managed to drive home, where she blew the horn hoping to get help. Instead, Defendant Trooper Yarberry and Deputy Davidson arrived and arrested her for her conduct and denied her requests for medical treatment. Plaintiff Hopkins was taken to the Nacogdoches County Jail, where she continued to be denied medical assistance until the next morning.

1

2. Plaintiff Hopkins brings this action for violation of her constitutional right to medical care under the procedural and substantive due process guarantees of the Fourteenth Amendment to the United States Constitution, as well as the Fourth Amendment to the United States Constitution. This action is commenced pursuant to 42 U.S.C. §1983 which provides in relevant part for redress for every person within the jurisdiction of the United States for the deprivation under color of state law of any rights, privileges, or immunities secured by the Constitution and laws.

3. Plaintiff Hopkins seeks compensatory and punitive damages together with a reasonable attorney fee as authorized by 42 U.S.C. §1988.

## II

### Jurisdiction

4. Jurisdiction over Plaintiff Hopkins' constitutional claims against defendants for which redress is provided by 42 U.S.C. §1983 is conferred on this Court by 28 U.S.C. §1343(a)(3). Federal question jurisdiction is also conferred on this Court by 28 U.S.C. §1331 because this action arises under the United States Constitution.

### III

### Parties

**Plaintiff**

5. Plaintiff Shawna Hopkins is a citizen of the United States and was a resident of Nacogdoches County, Texas at all times relevant hereto.

**Defendants**

6. Defendant David Yarberry is and was at all times relevant hereto a Texas Department of Public Safety Trooper. It is and was at all times relevant hereto Defendant Yarberry's responsibility and duty to treat all citizens, including Plaintiff Hopkins, in accordance with minimum constitutional and statutory requirements. This includes the duty not to act with deliberate indifference to the serious medical needs of a person in his custody.

7. Defendant Michael Davidson is and was at all times relevant hereto a Sheriff's Deputy for Nacogdoches County, Texas. It is and was at all times relevant hereto Defendant Deputy Davidson's responsibility and duty to treat all citizens, including Plaintiff Hopkins, in accordance with minimum constitutional and statutory requirements. This includes the duty not to act with deliberate indifference to the serious medical needs of a person in his custody.

8. Defendant Nacogdoches County is a county located within the boundaries of the Eastern District of Texas. It is Defendant

Nacogdoches County's responsibility and duty to promulgate and implement actual policies and procedures providing that all citizens, including Plaintiff Hopkins, are treated in accordance with minimum constitutional and statutory requirements. This includes the duty to promulgate policies and procedures providing that Defendant Nacogdoches County law enforcement personnel do not act with deliberate indifference to the serious medical needs of persons in their custody.

## IV

## Facts

### What Happened

9. Plaintiff Hopkins was driving with her son on or about January 16, 2003 when her car started sliding on the dirt road. Plaintiff Hopkins hit her brakes, and the car flipped over, then back on its wheels, still running.

10. Plaintiff Hopkins turned on her emergency flashing lights and drove home.

11. Upon arriving home, Plaintiff Hopkins laid on the horn and hollered for her husband. As Mr. Hopkins helped take care of the child, the individual defendant officers arrived.

12. Plaintiff Hopkins informed the individual defendant officers that she needed medical treatment. The individual defendant officers denied Plaintiff Hopkins medical treatment and accused her of trying to take the attention away from her son.

13. Plaintiff Hopkins' need for medical treatment was apparent in that she was bleeding as a result of cuts on her forehead.

14. Plaintiff Hopkins was made to wait inside the police car for some time. When she inquired about going to the hospital, she was again told that she needed to be worried about her son.

15. Plaintiff Hopkins continued to request medical care upon reaching the jail. Instead, she was forced to perform field sobriety tests which she could not perform as a result of her injuries. Plaintiff Hopkins could not even sit down due to the pain.

16. After a few hours, Plaintiff Hopkins was finally brought 3 Tylenol. Otherwise, she was simply told that she could see a nurse in the morning.

17. Plaintiff Hopkins was sadistically told that her son had stitches in his head and a broken neck. She was also accused of not caring and told that she had tried to kill him. In reality, Plaintiff Hopkins' son was fine and had suffered a simple bump on his head. Plaintiff Hopkins was not so fortunate.

18. After being in jail for approximately 12 hours, Plaintiff Hopkins finally saw a judge, then was allowed to go to the hospital. Her chest and back hurt severely.

19. Plaintiff Hopkins suffered 2 broken vertebrae. Her doctor informed her that it was a miracle that she was alive and/or walking.

20. Plaintiff Hopkins remained in traction from January 17, 2003 until January 22, 2003. She had four bolts screwed into her skull. She was finally discharged from the hospital on or about January 25, 2003.

21. Defendants Trooper Yarberry and Deputy Davidson were both in a position to obtain necessary medical treatment for Plaintiff Hopkins. However, each of these defendants acted with deliberate indifference to Plaintiff Hopkins' serious medical needs by ignoring her need for medical assistance and, in fact, belittling her for taking attention away from her son. The individual defendants failed to provide Plaintiff Hopkins with any assistance despite the fact that it was obvious that Plaintiff Hopkins was in dire need of immediate medical care _and_ she repeatedly told them so.

**Damages**

22. Plaintiff Hopkins' damages proximately caused by the defendants including physical pain and suffering, mental pain and suffering, medical bills, disfigurement, disability, and lost income.

23. Defendants Trooper Yarberry and Deputy Davidson's acts and omissions complained of above were intentional, wanton, reckless, and/or grossly negligent making appropriate the award of punitive damages against both of these defendants in their individual capacities.

24. Defendant Nacogdoches County, Texas failed to promulgate adequate policies and procedures regarding the requirement that citizens be provided with adequate emergency medical treatment. Defendant Nacogdoches County's deficient policies and procedures amount to the deliberate indifference to Plaintiff Hopkins' serious medical needs and are a proximate cause of Plaintiff Hopkins' damages.

25. Defendant Nacogdoches County failed to supervise and train Defendant Deputy Davidson at all times relevant hereto and the failure to supervise and train are proximate causes of Plaintiff Hopkins' damages.

## V

### Cause of Action

26. The deliberate indifference to Plaintiff Hopkins' serious medical needs violates the Fourth and Fourteenth Amendments to the Unites States Constitution made applicable to Defendants Trooper Malone, Constable Wade and Chief West by the Fourteenth Amendment to the United States Constitution for which each of these defendants is liable.

26. Defendant Nacogdoches County is also liable because its deficient actual policies, procedures, and practices relating to the providing of emergency medical treatment for citizens with serious medical needs and its failure to supervise and train Defendant Deputy Davidson amount to the deliberate indifference to

serious medical needs in violation of the Fourth and Fourteenth Amendments to the United States Constitution made applicable to Defendant Nacogdoches County by the Fourteenth Amendment to the United States Constitution.

27. Defendants Trooper Yarberry and Deputy Davidson are each separately liable for punitive damages in their individual capacity because their wrongful acts and omissions were willful, wanton, malicious, and/or reckless.

## VI

### Jury Demand

28. Plaintiff Hopkins demands a trial by jury on all issues so triable.

WHEREFORE, PLAINTIFF HOPKINS PRAYS that this Honorable Court:

a. Enter judgment in behalf of Plaintiff Shawna Hopkins, against Defendant Trooper Yarberry for compensatory damages in an amount sufficient to fully and completely compensate Plaintiff Shawna Hopkins for her actual damages proximately caused by this defendant;

b. Enter judgment in behalf of Plaintiff Shawna Hopkins, against Defendant Deputy Davidson for compensatory damages in an amount sufficient to fully and completely compensate Plaintiff Shawna Hopkins for her actual damages proximately caused by this defendant;

c. Enter judgment in behalf of Plaintiff Shawna Hopkins, against Defendant Nacogdoches County for compensatory damages in an amount sufficient to fully and completely compensate Plaintiff Shawna Hopkins for her actual damages proximately caused by this defendant;

d. Enter judgment in behalf of Plaintiff Hopkins, against Defendant Trooper Yarberry, in his individual capacity, for punitive damages, in an amount sufficient to punish Defendant Trooper Yarberry for his misconduct in the case

at bar and in an amount sufficient to deter Defendant Trooper Yarberry and others from doing the same thing to someone else;

e. Enter judgment in behalf of Plaintiff Shawna Hopkins against Defendant Deputy Davidson, in his individual capacity, for punitive damages, in an amount sufficient to punish Defendant Deputy Davidson for his misconduct in the case at bar and in an amount sufficient to deter Defendant Deputy Davidson and others from doing the same thing to someone else;

f. Grant Plaintiff Shawna Hopkins a reasonable attorney fee and costs herein expended as authorized by 42 U.S.C. §1988;

g. Grant Plaintiff Shawna Hopkins a trial by jury on all issues so triable; and

h. Grant Plaintiff Shawna Hopkins any and all additional relief to which she may appear to be entitled including pre-judgment interest, post-judgment interest and her costs herein expended.

Respectfully Submitted,

_____
Alex A. Castetter
Attorney in Charge for Plaintiff Hopkins
Bar Card No. 00783808

Stuckey, Garrigan & Castetter Law Offices
2803 C North Street
P.O. Box 631902
Nacogdoches, Texas 75963-1902
(936) 560-6020 FAX: 560-9578
aacstugar@cox-internet.com